UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UCLEFT LLOYD, | : |
| Petitioner, | : Civ. No. 13-4364 (KM) |
| v. | : OPINION |
| OSCAR AVILES, et al., | : |
| Respondents. | : |

**KEVIN McNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner is an immigration detainee currently detained at the Hudson County Jail in Kearny, New Jersey. He is proceeding *pro se* with a petition pursuant to 28 U.S.C. § 2241. Petitioner is challenging his post-removal period detention. For the following reasons, the Court will summarily dismiss the habeas petition without prejudice because Petitioner has not alleged facts showing that there is "good reason to believe that there is no significant likelihood or removal in the reasonable foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

## II. BACKGROUND

Petitioner is a native and citizen of Jamaica. (*See* Dkt. No. 1 at p. 3.) An immigration judge ordered petitioner removed on June 11, 1992.[1] (*See id.* at p. 4.) Petitioner states that he has been in Immigration and Custom Enforcement ("ICE") custody since September 17, 2012.

---

[1] The petition is somewhat unclear whether petitioner appealed this removal order. Indeed, the petitioner states that, "petitioner waived his appeals from the order of deportation; thereby make [sic] it final on that same date. Or petitioner did not appeal his order of deportation; thereby making it final 30 days from the date petitioner was ordered removed." Or 'BIA dismisses the appeal.'" (Dkt. No. 1 at p. 3.) However, for the reasons that follow, this uncertainty does not affect the outcome of this summary dismissal.

1

(*See id.*) He states that he has complied with all efforts by ICE to have him removed from the United States. (*See id.*) He has requested that he be released from detention. Petitioner states that ICE told him on July 10, 2013 that he will not be released as they are still trying to get his travel documents from the Jamaican embassy. (*See id.*)

Petitioner claims that his post-removal immigration detention violates 8 U.S.C. § 1231(a)(6) and *Zadvydas* because he has been detained for more than six months and his removal from the United States is not likely to occur in the reasonably foreseeable future. (*See* Dkt. No. 1 at p. 5.) Petitioner also claims that his substantive due process rights have been violated because he has not been removed within the six month post-removal period. Finally, Petitioner argues that his procedural due process rights have been violated because the Respondents have failed to provide a neutral decision maker to review his continued custody. (*See id.* at p. 6-7.) Petitioner requests that this Court grant his habeas petition and order his immediate release from custody.

### III. JURISDICTION

Habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has subject matter jurisdiction over the instant petition because Petitioner was detained within its jurisdiction in the custody of ICE at the time he filed the petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his current detention violates federal law and the Constitution. *See* 28 U.S.C. § 2241(c)(3).

### IV. STANDARD OF REVIEW

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order directing
> the respondent to show cause why the writ should not be granted,

> unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## V. DISCUSSION

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 530 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a).

When an alien's order of removal is final, the Attorney General is required to remove him from the United States within a ninety-day removal period. *See id.* § 1231(a)(1)(A). The ninety-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

3

*Id.* § 1231(a)(1)(B). Section 1231(a)(2) requires that the alien be detained during this ninety-day removal period. *See id.* § 1231(a)(2). However, if the alien is not removed during the ninety-day period, then § 1231(a)(6) authorizes that the alien be released on bond or that the alien be continued to be detained. Indeed, § 1231(a)(6) provides that:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the United States Supreme Court stated that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonable necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Supreme Court stated that a period of six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701. However, for a petitioner to state a claim under § 2241, the petitioner must provide in the petition facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See id.* "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play, the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of Untied States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) (citation omitted).

In Petitioner's case, Petitioner was ordered removed in 1992 and taken into ICE custody on September 17, 2012. As Petitioner asserts that he has been detained for over six months, the

Court will assume, without deciding, that the six-month presumptively reasonable period of post-removal detention under *Zadvydas* has expired. Nonetheless, the fact that this six-month period has expired does not automatically entitle Petitioner to relief. Indeed, *Zadvydas* also requires Petitioner to provide good reason to believe that removal is not reasonable foreseeable before the Government is required to respond with evidence to rebut that showing. *See id.*; *see also Barenboy v. Attorney Gen. of United States*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) (per curiam) ("Once the six-month period has passed, the burden is on the alien to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (internal quotation marks and citation omitted).

Petitioner asserts in his petition that his "removal to Jamaica is not significant [sic] likely to occur in the reasonable foreseeable future." (Dkt. No. 1 at p. 5.) However, he makes no showing whatsoever to substantiate this conclusion. Absent such a showing to help substantiate this conclusion, the Court will not order the Government to file a response to the petition as Petitioner fails to state a claim under *Zadvydas* or substantive due process. *See Skeete v. Holder*, No. 13-1751, 2013 WL 3930085, at *3 (D.N.J. July 30, 2013) (dismissing habeas petition where petitioner only conclusory asserted that it is not significantly likely to be removed in the reasonably foreseeable future); *Gosling v. Muller*, No. 12-1043, 2013 WL 868253, at *7 (D.N.J. Feb. 28, 2013) ("[B]ecause Petitioner does not allege facts that the presumptively reasonable six-month period of detention has expired, *and because Petitioner alleges no facts to substantiate his conclusion that there is good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future . . .* he has not shown that his detention is statutorily

5

unauthorized or violates due process.") (emphasis added) (internal citation and quotation marks omitted).

Petitioner also contends that his procedural due process rights were violated. He states that he was not given a meaningful opportunity to demonstrate why he should be detained. However, as this Court has stated, "this claim lacks legal merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future."[2] *Hlimi,* 2013 WL 4500324, at *4 (citing *Zadvydas,* 533 U.S. at 701; *Wilson v. Hendricks,* No. 12-7315, 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013)); *see also Skeete,* 2013 WL 3930085, at *3 (finding that petitioner is entitled to a hearing only where he has been detained beyond the presumptively reasonable six month period and he alleges facts that there is no significant likelihood of removal in the reasonably foreseeable future); *Davies v. Hendricks,* No. 13-2806, 2013 WL 2481256, at *5 (same).

The dismissal of this petition will be without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

---

[2] In *Hlimi v. Holder,* Nos. 13-3210, 13-3691, 2013 WL 4500324, at *4 n.4 (D.N.J. Aug. 20, 2013), this Court expressly declined to adopt the United States Court of Appeals for the Ninth Circuit's holding in *Diouf v. Napolitano,* 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless that alien poses a risk of flight or danger to the community."

## VI. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice to the filing of a new petition that sets forth facts to substantiate a claim that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. An appropriate order will be entered.

DATED: September 26, 2013

_____
KEVIN MCNULTY
United States District Judge